UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FRANK LOCKWOOD.                     )     CASE NO. 4:07 CV 1311
                                    )
            Petitioner,             )     JUDGE CHRISTOPHER A. BOYKO
                                    )
    v.                              )     MEMORANDUM OF OPINION
                                    )     AND ORDER
FEDERAL BUREAU OF PRISONS,          )
                                    )
            Respondent.             )

Pro se petitioner Frank Lockwood filed the above-captioned petition pursuant to 28

U.S.C. § 2241 on May 4, 2007.  Mr. Lockwood, who is confined at the Federal Correctional

Institution in Elkton, Ohio ("F.C.I. Elkton), brings this action against the Federal Bureau of Prisons

(BOP) asserting that the respondent's policy of limiting placement in a Community Corrections

Center (CCC) to 10 % of a prisoner's sentence is invalid as a matter of law.  He seeks an order from

this court enjoining respondent from applying its policy to him.

*Background*

Mr. Lockwood pleaded guilty on July 23, 2003 to conspiracy to possess with intent

to distribute cocaine base in violation of 21 U.S.C. § 846(a)(1) and 841(B)(1)(B) in the United States

District Court for Northern District of New York. See United States v. Lockwood. No. 03cr306 (N.D. NY 2003). The court sentenced him to a term of 20 months imprisonment, followed by 5 years of supervised release.

After serving his full term of imprisonment on the cocaine conviction. Mr. Lockwood was arrested in Troy, New York on January 20. 2006 for selling cocaine to a police informant. He pleaded guilty to state charges. which resulted in the March 23, 2006 revocation of his federal supervised release term. The court sentenced him to a consecutive term of one year imprisonment for violating his supervised release. The federal sentence commenced on February 13. 2007 and he is presently in custody serving that sentence.

Shortly after petitioner was transferred to F.C.I. Elkton to continue his federal sentence he requested a copy of his Sentence Monitoring Computation Data sheet. The sheet indicates that his "Projected Statutory Release Date" is scheduled for February 12. 2008. Moreover, a pre-release preparation date of January 8. 2008 has been designated.

In direct response to this information. petitioner filed an Inmate Request to Staff form on April 13, 2007. He sought an explanation of whether F.C.I. Elkton followed the blanket policy of limiting an inmate's entitlement to C.C.C. placement to 10% of his prison term. Citing Levine v. Apken, 455 F.3d 71 (2d Cir. 2006). Mr. Lockwood noted that the Second Circuit, wherein he was originally convicted, ruled that a carte blanc limitation on a prisoner's C.C.C. placement was invalid. In response. an F.C.I. Elkton staff member advised petitioner that the prison is not "directly effected" by the Second Circuit's opinions and that he would need to look to the Sixth Circuit Court of Appeals. He added that while petitioner's scheduled pre-release date of January 8, 2008 does reflect 10% of his sentence, the Unit Team lacks any authority to disregard that date. Moreover, he noted

2

that the warden could still recommend a later placement date "if warranted." Mr. Lockwood then initiated the process of formally exhausting his administrative remedies.

It appears that Mr. Lockwood continued the administrative appellate process through to the Regional level. The last response included in his petition is a letter dated July 30, 2007 from D. Scott Dodrill, BOP Regional Director. Mr. Dodrill explained that a number of factors are considered when the BOP evaluates an inmate's eligibility for placement in a halfway house. He noted that inmates, like Mr. Lockwood, who have "shorter sentences do not require maximum halfway house placement due to reduced transition needs, existing community resources, institutional adjustment, length of sentence, and the need to protect the public from offenders." (Letter from Dodrill to Lockwood of 7/30/07.) The BOP considered the fact that Mr. Lockwood was sentenced to twelve months, his transition needs and other factors when it determined that his earliest eligibility for Residential Reentry Center (RRC) placement is January 8, 2008. He also attaches an unsigned copy of an "Agreement to Participate in the Bureau of Prison Drug Education Course," with a cover letter dated June 25, 2007 advising that he would be on "call-out Friday June 29, 2007" to agree or decline participation in the drug education program.

Considering the fact that Mr. Lockwood filed this action before fully exhausting his administrative remedies, his petition before the court does not address the BOP's response to his contentions. Specifically, he fails to explain why or when he should be released to a C.C.C. before January 8, 2008 or the fact that the Regional Director explained that the BOP did consider several factors regarding petitioner's eligibility for placement in a C.C.C. Therefore, his petition contains rather generic arguments attacking a BOP policy that have been addressed in a long line of cases that have challenged the BOP's interpretation of §3624 and its subsequent application of the "10% Rule."

3

Petitioner believes that the BOP arrived at his pre-release preparation date by applying 28 C.F.R. § 570.20-21, which limits a C.C.C. placement for the service of the last months of a prisoner's sentence to a length of time not to exceed 10 percent of the prisoner's sentence. Thus, for the petitioner's 36-month sentence, under the regulations' "10% rule," the BOP has presumably limited his C.C.C. placement to approximately one month. He maintains that if the BOP made its determination using the relevant statutes, 28 U.S.C. §§ 3621(b) and 3624(c), and not the 10% rule contained in the regulations, he would be able to be placed at a C.C.C. for six months, or 50% or his sentence. He argues that he is the sole provider for his wife and four children and that he would be freeing up badly needed bed space at F.C.I. Elkton, which new arrivals need to be housed in Special Housing Units (SHU) with four men to a room. Mr. Lockwood adds that it would be cheaper to house him in a C.C.C. that at F.C.I. Elkton.

## 28 U.S.C. §2241

Prisoners who seek relief under 28 U.S.C. § 2241 are ordinarily required to exhaust administrative remedies before filing a habeas action in district court. Little v. Hopkins, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir.1996)); Sesi v. United States Bureau of Prisons, 238 F.3d 423, 2000 WL 1827950 (6th Cir. Dec. 7, 2000) (a federal prisoner must first exhaust his available administrative remedies before filing a § 2241 petition); United States v. Oglesby, No. 02-3143, 2002 WL 31770320, at *2 (6th Cir. Dec. 9, 2002) (citing United States v. Wilson, 503 U.S. 329, 335 (1992)).

Originally, petitioner argued that exhaustion would be futile and that it is not a statutory requirement under the Prisoner Litigation Reform Act ("PLRA"). It is obvious from the attachments to his petition that he has abandoned this argument and attempted to exhaust his

4

remedies at least to the level of the BOP's Regional Director.  Based on the facts and relevant case law. the court is prepared to address the merits of Mr. Lockwood's petition.

*"Ten Percent Rule"*

It was the policy of the BOP, prior to December 2002, to allow an inmate to be placed in a C.C.C. for up to six months, regardless of the total length of the inmate's sentence. On December 13. 2002, the Office of Legal Counsel (OLC) for the Department of Justice issued a memorandum stating that this practice was inconsistent with 18 U.S.C. § 3624(c). The OLC opined that §3624 limited an inmate's placement in a C.C.C. to the lesser of six months or ten percent of the inmate's sentence. Section 3624(c) states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part. not to exceed six months. of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c). The BOP adopted the OLC's interpretation of this statute, but some courts of appeal later rejected and invalidated that decision. See Elwood v. Jeter. 386 F.3d 842, 845-47 (8th Cir. 2004)(BOP has discretion to transfer an inmate to a C.C.C. at any time. but only the duty to consider a transfer to a C.C.C. in the last six months of a sentence):Goldings v. Winn, 383 F.3d 17 (1st Cir.2004).

In February 2005, the BOP created new regulations governing the placement of inmates in CCCs. These regulations state that the BOP was engaging in a "categorical exercise of discretion" and choosing to "designate inmates to [C.C.C.] confinement only ... during the last ten

5

percent of the prison sentence being served, not to exceed six months." 28 C.F.R. § 570.20-21. It is from this interpretation of the statute that the petitioner now challenges the manner in which the BOP is executing his sentence.

### 18 U.S.C. §3624

Even the Eighth Circuit Court of Appeals acknowledged that the statute "does not require placement in a [community corrections center]. It only obligates the [Bureau of Prisons] to facilitate the prisoner's transition from the prison system." Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir.2004). Moreover, "the obligation is qualified by the phrase 'to the extent practicable.' " Id. Thus, the 10% date is only indicative of the first date of eligibility for placement. "Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society." United States v. Laughlin, 933 F.2d 786, 789 (9th Cir.1991); see also Fagiolo v. Smith, 326 F.Supp.2d 589, 592-93 (M.D. Pa.2004) (stating that a prisoner is not entitled to placement in a community corrections center under 18 U.S.C. § 3624(c)).

Petitioner is not being deprived of the opportunity for placement in a community corrections center; he is simply not receiving the amount of time to which he believes he is entitled. While another set of facts might suggest a petitioner has suffered a justiciable injury based on this policy, considering (as the BOP did) the length of Mr. Lockwood's sentence, the opportunity to participate in a drug education class and his potential placement in a C.C.C., this court concludes that petitioner is not being denied a reasonable opportunity to adjust to, and prepare for, re-entry into the community.

### Motions for Summary Judgment/Default

There is nothing set forth in the petition, or the Motions for Summary Judgment and

Default Mr. Lockwood filed on August 24, 2007, which addresses or refutes the rationale provided

by the BOP for limiting his placement in a C.C.C.[1] Summary judgment is proper if all the evidence

_____

[1] It is an exercise of the BOP discretion under § 3621(b) to choose where and how a prisoner serves the length of his sentence. The relevant statute states:

> The Bureau shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>>
>> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

18 U.S.C. §3621(b)(2006).

before the district court '"show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law.' " Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988)(citations omitted). Considering petitioner's failure to address the facts set forth by the BOP in its denial of his request for administrative relief, Mr. Lockwood has not demonstrated that he is entitled to a judgment in his favor, as a matter of law. See FED. R. CIV. P. 56.

With regard to his motion for default judgment he is also not entitled to relief. As set forth above, petitioner's application for a writ failed to demonstrate that he is entitled to habeas relief from this court. Consequently, respondent was never directed to show cause why Mr. Lockwood's writ should not be granted. See 28 U.S.C. § 2243.[2] Even the failure of a respondent to file a timely response does not relieve a habeas petitioner of his or her burden of proving that his or her custody is in violation of United States law. Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970); Gray v. Reilly, No. 99-1570, 2000 WL 302983, at * 2 (6th Cir. Mar. 14, 2000)(failure of the Commission to file a timely response did not relieve federal prisoner's burden of proving that his custody violated United States law).

Based on the foregoing, Mr. Lockwood's Motions for Summary Judgment and

---

[2]The statute provides, in relevant part, that

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243 (emphasis added).

Default are **denied** and this petition is **dismissed** pursuant 28 U.S.C.§ 2243.  Petitioner's Motion for

the Court to rule upon the Merits [Dkt.#9]of his petition is **granted**. The court certifies, pursuant to

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT COURT

FILED

SEP 11 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

9